## CITY OF HOOPSTON

v.

## ROBERT MORRIS.

*Execution against City—Proceeding to Recover Penalty for Sale of Intoxicatiug Liquor—Repeal of Ordinance—Practice.*

In a proceeding to recover a penalty for the sale of intoxicating liquor in violation of an ordinance, this court declines to decide the effect of a repeal of the ordinance in question, as no brief has been filed by appellee, but reverses the judgment of the court below because it awards execution against the city.

[Opinion filed November 20, 1886.]

APPEAL from the Circuit Court of Vermilion County; the Hon. J. W. WILKINSON, Judge, presiding.

Messrs. H. M. STEELY and JAMES H. DYER, for appellant.

The court in its final judgment on the verdict awarded an execution against the city. This was error. Chicago v. Hasley, 25 Ill. 595; Kinmundy v. Mahan, 72 Ill. 462; Elgin v. Eaton, 83 Ill. 535.

No counsel appeared for appellee.

*Per Curiam.* This was a prosecution commenced in December, 1884, to recover a penalty for the alleged sale of intoxicating liquor in said city in violation of its ordinance. It was tried on appeal in the Circuit Court at the October term, 1885.

Meanwhile, in July, 1885, the City Council revised the ordinances, including the one relating to the sale of liquor. The revised ordinance contained the prohibitory section of the old ordinance *verbatim*, and section 2 of another chapter is as follows : "No fine, forfeiture, penalty, right, action, suit, debt or other liability whatever, created, instituted, incurred or accrued by or under any ordinance prior to its repeal or modification, shall be released, discharged, amended or repealed, or in any wise affected by the passage of such repealing or modifying ordinance, but the same may be prosecuted, recovered or enjoyed, or other suit or proceeding commenced or completed thereon, as fully and in the same manner in all respects as if such ordinance or part thereof had remained in full force, unless it shall be otherwise expressly provided in the ordinance making such repeal or modification."

It is conceded that revised ordinance repeated the one under which this prosecution was instituted and would therefore defeat this action unless it is saved by the section above quoted. The Circuit Court held that section to be prospective only and refused to admit it in evidence. There was a verdict and judgment for the defendant. We incline to concur in this construction of it, but as no brief has been filed for appellee, do not decide the question. The judgment, however, awarded execution against the city, which was error, and for this it will be reversed and the cause remanded.

*Reversed and remanded.*